Swan *v.* United GMC Truck, Inc. et al., Appellants.

Argued March 7, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

reargument refused June 3, 1960.

*Gifford Cappellini,* with him *Thomas C. Moore,* for appellants.

*Robert L. Fleming,* for appellees.

OPINION BY WRIGHT, J., April 13, 1960:

We are here concerned with a joint action in assumpsit arising out of two bailments. The corporate defendant, United GMC Truck, Inc., operates a motor vehicle repair shop in Luzerne County. The individual defendant, Samuel Ruggere, is president of the corporation and manager of its place of business. On March 17, 1958, plaintiffs, Ralph F. Swan and William F. Purcell, placed in the shop for minor repairs a Dodge tractor and a Ford truck. The complaint avers that the next day each plaintiff "went to defendants' said repair shop to obtain" his respective motor vehicle and found that it "had been extensively damaged by fire". At the conclusion of the testimony of the two plaintiffs, defendants' motion for a compulsory nonsuit was denied. Ruggere and three other witnesses thereupon testified for the defendants. The trial judge then refused defendants' point for charge, and directed the jury to return verdicts for the plaintiffs in amounts, respectively, of $1,580.00 and $1,065.00.[1] The court en banc subsequently overruled defendants' motions for judgment n.o.v. and for a new trial, and directed the entry of judgments upon the verdicts. These appeals followed.

---

[1] The opinion below, written by the trial judge, contains the following statement: "The amount of the damages was agreed upon".

The legal principles which govern cases of this character were restated by Mr. Justice (now Chief Justice) JONES in *Moss v. Bailey Sales and Service, Inc.,* 385 Pa. 547, 123 A. 2d 425. These controlling principles have been in no way affected by our decision in *Huck-Gerhardt Co. v. Kendall,* 189 Pa. Superior Ct. 126, 149 A. 2d 169, relied upon by the court below. See also *Aquadro v. Crandall-McKenzie,* 182 Pa. Superior Ct. 435, 128 A. 2d 147. When the bailor proves the bailment, demand, and failure to redeliver, he makes out a prima facie case. If the bailee would escape responsibility for the loss, it then becomes his duty to show that his failure to redeliver the bailed article was because of its loss by fire, theft or other casualty free from fault on his own part. If the bailee's evidence does not disclose a lack of due care, the bailor must then go forward with evidence to prove that the loss of the bailed article was due to negligence on the part of the bailee. If it should so happen, however, that the bailor's case in chief establishes that the bailed article was damaged or destroyed by a general fire in the bailee's premises, the bailor must also establish in his case in chief that the bailee was negligent.

The application of the foregoing principles to the situation revealed by the instant record clearly requires a reversal of the judgments below. In the first place, it was developed in the bailors' case that the motor vehicles were damaged in a fire which was general in character, and the bailors did not attempt to show negligence on the part of the bailees. In the second place, the bailees established by their evidence that a general fire had occurred without fault on their part. The bailors offered no rebuttal.

At the trial, counsel for the bailors read into evidence the allegations of the complaint admitted by the bailees, including the allegation that the bailed motor vehicles had been extensively damaged by fire. These

allegations must be considered as direct evidence in chief showing the manner in which the goods were lost. As to the general character of the fire, appellee Swan testified that the building which remained was a "shell, the walls were there, but not the roof or anything". At this juncture, since the bailors had adduced no evidence of negligence, the trial judge might well have granted bailees' motion for a compulsory nonsuit. However, it is unnecessary to rest our decision on this point in view of the unrebutted evidence adduced by the bailees.

The individual appellant testified as follows: "Q. What, if anything, happened on that day? A. Well, about 10:30 that morning we walked across the street to the diner for a cup of coffee and while we were in the diner and I sat down to drink my coffee I saw a red reflection in front of me in the pie case, I turned around and noticed there were flames in the garage. I immediately ran out of the diner and across the street to the garage . . . Q. What did you do then, Mr. Ruggere? A. When I ran into the show-room the man who was on duty was at the telephone . . . We tried to get into the service department where the fire was but there was too much smoke in there and we weren't able to get inside". James W. Coates, a member of the appellant firm, testified as follows: "Q. On March 17, 1958, what happened? A. We had a very serious fire at our garage. Q. Were you there? A. Yes, sir, it burned our shop down. Q. Was Mr. Swan's tractor involved in this fire? A. Yes, sir. Well, no, it wasn't involved due to the fact the fire was in this corner of our garage which was 44 by 54 and Mr. Swan's tractor was up in back of our parts and show room . . . The fire got started, we never started it, something happens, but whatever happened we don't know . . . We didn't cause it or start it or nothing".

We find no merit in the contention of the bailors on this appeal, which may be summarized in the following excerpt from their brief: "The testimony as to the fire which was coincidentally involved in the presentation of the Defendants' case in chief, was outside the scope of the pleadings. Had the Defendants intended to try the case on the theory that negligence was at issue, they should have averred in their Answer that the damage to Plaintiffs' vehicles was caused by a general fire which arose in specified circumstances beyond their control and as to which no negligence was involved". Our decision rests on the proposition that the bailees went forward with evidence to show that the damage to the bailed vehicles was due to a general fire which occurred without fault on their part. The bailors did not offer a scintilla of evidence, and there is none anywhere in this record, to show that the loss was due to bailees' negligence. The trial judge should therefore have directed verdicts for the appellants.

In our view of the case it is unnecessary to consider appellants' contentions that the lower court erred in refusing the motion for a new trial, and in entering judgment against the individual defendant. In the latter connection see *Weimer v. Bockel,* 128 Pa. Superior Ct. 385, 194 A. 318.

Judgments reversed and here entered for the respective appellants.