## Spadel v. Zarlinski

*Frank J. Rejevich*, for plaintiff.

*Robert McK. Glass*, for defendant.

MOSER, J., June 13, 1966.—In this action of trespass, plaintiff seeks to recover damages arising from the injuries to her automobile occurring while repairs were being made by defendant, his servants, agents or employes. To the complaint, defendant has filed preliminary objections in the nature of: (1) a demurrer, (2) motion to strike and (3) motion for more specific complaint.

The material allegations of the complaint relative to this discussion may be summarized as follows: Plaintiff called at the service station of defendant in Kulpmont, Pa., to have her automobile refueled on February 11, 1965. After the tank was filled with "gas", the automobile stalled on the highway due to a malfunction from water in the gas tank. On the following day, the automobile was towed to the service station of defendant, where an attempt was made by defendant's employes to repair the vehicle, when it became enveloped in flames, resulting in damage to the automobile and causing expenses to plaintiff for repair, loss of use and storage thereof.

## DEMURRER

Defendant contends that this is an action founded on negligence and that the complaint is faulty in not setting out specific acts of negligence. At the argument, counsel for defendant denied that the factual situation showed a bailment.

We think the complaint sufficiently sets forth a bailment for hire, since "A bailment is created when a motor vehicle is delivered by its owner or custodian to, and is accepted by, another person for repairs or servicing; . . .": 61 C. J. S. 876, §729; Sharp v. Zmiejko, 85 D. & C. 484, 43 Luz. 43.

The legal principles which govern cases of this char-

acter were stated in Swan v. United GMC Truck, Inc., 192 Pa. Superior Ct. 176:

"When the bailor proves the bailment, demand, and failure to redeliver, he makes out a prima facie case. If the bailee would escape responsibility for the loss, it then becomes his duty to show that his failure to re-deliver the bailed article was because of its loss by fire, theft or other casualty free from fault on his own part".

An examination of the above rules indicates that it is not necessary for plaintiff initially to plead negli-gence; neither was it necessary that she plead or allege the manner in which the damage occurred: Schell v. Miller North Broad Storage Company, Inc., 142 Pa. Superior Ct. 293.

The question that has most frequently arisen in these cases is concerned with both the burden and the order of proof, rather than with the law of bailments, and the following observation, in Moss v. Bailey Sales and Service, Inc., 385 Pa. 547, is pertinent:

" 'Where the bailor elects to allege or prove the cir-cumstances of loss, instead of resting his case merely on pleading or proof of delivery and failure to return, and where the bailee's negligence does not affirma-tively appear from the evidence thus adduced by the bailor, there is no burden of proof resting on the bailee, but the bailor has the burden of going forward with evidence which will affirmatively show the bailee's negligence' ".

Under this rule, if plaintiff sets forth the cause of the loss in the complaint, she must go further and aver specific acts of negligence to meet the burden cast on her: Sharp v. Zmiejko, supra.

The present case does not appear to be one where "the bailed article was damaged or destroyed by a gen-eral fire in the bailee's premises", Swan v. United GMC Truck, Inc., supra, but rather presents a situa-

tion of a limited fire, in which only the car of plaintiff was damaged. The same problem was presented in Wisniewski v. Wayne Motor Co., 44 Del. Co. 177, where the court made this distinction:

"This is not a case of the building belonging to the defendant having caught fire and, as a result, plaintiff's car was destroyed along with the building. It is a case where the fire was occasioned at a time when defendant's employee was attempting to drain the gasoline from the tank which it was necessary to repair or replace under the terms of the written warranty". (p. 178)

In the same case, the court then stated:

" '. . . We think it is a fairer rule, where such a limited fire occurs, that the bailee should, as he must in all other cases, prove his own freedom from fault and should not be permitted to rest on the proof of the fire alone'.

"The Superior Court has ruled that negligence may be proved by circumstantial evidence where the evidence is such that the only reasonable conclusion is that the accident was caused by the negligence of the defendant in the manner alleged. See DILLON vs. WILLIAM S. SCULL Co., Applt., 164 Pa. Superior Ct. 365. This doctrine is applicable where it appears that the instrumentality which caused the accident was under the exclusive control of the defendant, that in the ordinary course of experience no such result follows as that complained of, and that the only reasonable conclusion is that the accident was caused by the negligence of the defendant in the manner alleged". (pp. 180-181.)

In this complaint, the allegations are sufficient to set forth the bailment without averring specific acts of negligence. We are also of the opinion that what has been said above disposes of the objections by defendant that the doctrines of "lack of knowledge" and "exclu-

sive control" do not excuse plaintiff from making such averments. We find no merit in this preliminary objection.

## MOTION TO STRIKE

In this preliminary objection, plaintiff contends that there are two separate causes of action which should be stated under separate counts. In our examination of the complaint we conclude that although there are a series of events extending into parts of two calendar days, we find that there is but a single trespass, which may be pleaded under one count. Every factual element which forms part of the cause of action background is not a separate cause of action and, therefore, is not to be stated in a separate count: Barnard v. Sweet, 12 Bucks 538.

Defendant also points out that the same reasons advanced under the preliminary objection in the nature of a demurrer are also advanced as a basis for this preliminary objection in the nature of a motion to strike. We found no merit in the motion in the nature of a demurrer, and we do not find the reasons assigned thereunder to be a basis for a motion to strike.

Defendant alleges that there are contradictions in the pleadings which amount to impertinent matter requiring the complaint to be stricken. It is pointed out that paragraph seven states that the tank was filled with "gas", and paragraph 15a avers the defendant, his agent, servant, workman or employe, caused water to be pumped into the gasoline tank. Likewise, paragraph 15b of the complaint alleges negligence causing the destruction of the vehicle of plaintiff, and paragraph 16 thereof claims expenses for repairs, loss of use and storage of the vehicle. While Pennsylvania Rule of Civil Procedure 1017(b) (2) does not distinguish between material and non-material irregularities, the court should not strike off a pleading when

the error is of such a nature that the adverse party is not harmed or prejudiced by it: Klingerman v. Mt. Carmel Twp. School District, 21 Northumb. 194. It does not appear that defendant has been harmed or prejudiced by the inclusion of the words mentioned.

It is the position of defendant that the pleading must be stricken because damages are claimed for the loss of use and storage of the vehicle. The test is whether plaintiff's complaint informs defendant with accuracy and completeness of the specific basis on which recovery is sought, so that he may know without question upon what grounds to make his defense: Kane v. Kane, 29 Northumb. 91. The fact that the relief requested is not justified is not a ground for attacking the complaint, as at the pleading stage plaintiff is merely required to aver the relief which he seeks, Ellis v. National Capitol Life Insurance Co., 35 D. & C. 2d 490, and defendant is not required to plead to plaintiff's demand for relief: Tubman v. Schnellman, 30 Lehigh 118.

Defendant argues that the claim for relief is only a colorable one to obtain a jury trial, rather than arbitration. This court will ordinarily accept plaintiff's averments of the amount of damages claimed as bona fide, rather than make a preliminary assessment of the amount actually in controversy on the basis of a pretrial procedure under Pa. R. C. P. 1044(d): Rulli v. Nore, 77 Montg. 210. We find no merit in this preliminary objection.

### MOTION FOR MORE SPECIFIC COMPLAINT

Defendant requests the court to review all the arguments presented under the demurrer and motion to strike, as applicable to a motion for a more specific complaint. The test is whether plaintiff's complaint informs defendant with accuracy and completeness of the specific basis on which recovery is sought, so that

he may know without question upon what grounds to make his defense; and where facts are within the knowledge of the adverse party, he is not entitled to as much precision in pleading as if he did not know them: Minkoff v. Fetterolf, 35 Northumb. 171. Our examination of the arguments of the defendant for the purpose of the motion for a more specific complaint requires us to find that there is no merit in this preliminary objection.

Under the circumstances, we make the following:

### ORDER

And now, June 13, 1966, the preliminary objections are overruled. Defendant is directed to file whatever pleadings he may desire within 20 days from this date. Exception noted for defendant.