## Harker v. Farmers Trust Co.

Before Shughart, *P.J.*, and Weidner, *J.*

*Dean A. Weidner,* for plaintiff.
*Leslie B. Handler,* for defendant.

SHUGHART, *P.J.,* December 16, 1975—Plaintiff, trustee in bankruptcy for Lynn F. Myers, Inc. (hereafter referred to as the "corporation"), filed a complaint in trespass and assumpsit against defendant, Farmers Trust Company (hereafter referred to as the "bank"), to which defendant filed preliminary objections. Plaintiff filed an amended complaint, to which defendant again filed preliminary objections, which are before us for disposition.

The bank extended the corporation a line of credit, which was secured by certain property of the corporation. In June 1972, the bank revoked the corporation's credit, despite the fact that the president of the corporation and his wife signed a personal note to provide the bank with additional security. Shortly thereafter, the bank, without notice to the corporation, repossessed and sold the property held as collateral under the security agreements. The corporation subsequently filed for bankruptcy, at which time plaintiff trustee was appointed and given leave to file the instant action.

Plaintiff's claims in the amended complaint consist of three counts, two in trespass and one in assumpsit. Count I in trespass sets forth a cause of action based on the allegedly illegal conversion of corporation's property by the bank and includes therein a claim for punitive damages, as a consequence of the claimed intentional and reckless conduct of defendant. Count II in trespass sets forth a cause of action based upon an alleged violation of the corporation's rights under the Uniform

Commercial Code provisions dealing with disposition of secured property and also includes a claim for punitive damages. Count III in assumpsit sets forth a claim based upon bank's alleged breach of the default provisions of the security agreements between it and the corporation.

Defendant's preliminary objections to the amended complaint consist of:

(1) A demurrer on the basis that no facts were pleaded in the amended complaint to deny that the corporation was insolvent at the time defendant revoked its credit or to deny that defendant acted in good faith in repossession and sale of the collateral covered by the agreements;

(2) a demurrer on the basis that plaintiff did not set forth any facts justifying an award for punitive damages;

(3) a motion to strike on the basis that plaintiff did not set forth any facts showing he is entitled to punitive damages;

(4) a motion to strike allegations about personal assets of the corporation's president and his wife as being irrelevant and impertinent;

(5) a motion to strike count II as being in assumpsit and therefore covered by count III of the amended complaint;

(6) a motion to strike on the basis of plaintiff's failure to aver that defendant did not rightfully invoke the default clauses of the security agreements;

(7) a motion for a more specific complaint with regard to the basis of plaintiff's claims for damages.

Before considering any of the objections, we take note of plaintiff's obvious typographical error in claiming "primitive" damages, when the claim

should properly have been for "punitive" damages. Although defendant asserts that plaintiff is claiming an unfamiliar type of damages, it is evident that the reference is to "punitive" damages. This error does not affect the substantive rights of the parties; it, therefore, will be disregarded and all the pleadings treated as if the words "punitive damages" had been used: Pa. R.C.P. 126.

We shall now consider defendant's objections in the order listed above. First, with respect to the demurrer on the basis that there was no averment of facts pleaded to deny insolvency of the corporation, the averments of paragraph 11 of the amended complaint dispel this claim:

"[A]ll of the corporation's objections to Defendant on the securities and documents were fully paid to date and were in no way in arrears, and the Corporation was *not otherwise in default* under the various security agreements in favor of Defendant." (Emphasis supplied.)

Under the security agreements, insolvency is listed among the numerous conditions constituting a default. Certainly, plaintiff could not be expected to specifically deny the occurrence of each and every one. We feel, therefore, that the general denial of default under the agreements is sufficient to deny plaintiff's insolvency and any other condition constituting default under the agreements: Pa. R.C.P. 1019(c). The allegation of plaintiff's failure to aver bad faith by defendant in repossession and sale of the collateral is dispelled by the following statements in the amended complaint:

"(10) . . . The Bank through its own employees and agents did without prior demand, . . . trespassed upon the property of the Corportion without notice, . . . .

"...

"(12) [The equipment] was improperly disposed of privately or at sales without notice to the Corporation or its President. . . .

"...

"(17) At no time prior to repossession of all of the Corporation's equipment and machinery did the Defendant Bank make demand for payment of the indebtedness owed to it by the Corporation.

"(18) Following repossession of the Corporation's equipment and machinery, defendant caused said equipment and machinery to be exposed at sundry private and public sales without . . . notification of the time and place of any public sale, [to the plaintiff]. . . .

"(19) The sale . . . of the . . . equipment and machinery was, . . . , *not,* accomplished utilizing a method, manner, time, place, and upon terms which were commercially reasonable.

"(20) . . .

"b. The Corporation's equipment and machinery were exposed for sale at prices greatly below the reasonable value . . . and at prices greatly below the market value thereof."

Certainly, all of the above allegations, considered together with those from paragraph 11 quoted above, are more than sufficient to aver lack of good faith.

Defendant's use of a demurrer to object to plaintiff's damage claim is clearly improper: Hudock v. Donegal Mutual Insurance Company, 438 Pa. 272, 264 A.2d 668 (1970); Mink v. New York Central Railroad Company, 31 D. & C. 2d 466 (Mercer Co., 1963).

In his motion to strike, defendant has raised the question of plaintiff's failure to set forth facts showing his entitlement to punitive damages.

Questions as to the measure or theory of damages are to be resolved at pretrial conference and are not properly raised by preliminary objection: Mink v. New York Central Railroad Co., supra; Miller v. Devon Strafford Co., 16 Chester 258 (1969); Porter v. Drexel Motors, Inc., 55 Del. Co. 191 (1967). However, in any event, the allegations of all the paragraphs quoted above, together with the additional allegations in paragraph 15 that the conduct of defendant was intentional and reckless, are sufficient to sustain the claim for punitive damages: Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963); Hodnick v. Baltimore & Ohio Railroad, 54 F.R.D. 184 (W.D. Pa., 1972).

Defendant next objects to the inclusion of the allegations of personal assets of the corporation's president and his wife on the ground that they are irrelevant and impertinent; however, in view of the fact that the complaint raises the question of the personal note of the president and his wife as being offered as additional security to the bank, allegations as to the assets available to support such a note are quite relevant to the question of defendant's good faith or reasonableness in revoking the credit of the corporation and subsequently repossessing and selling the collateral.

It is obvious from a reading of count II, which sets forth a claim for the violation of plaintiff's rights under the Uniform Commercial Code with regard to the disposition of property held under a security agreement, that this is an action in trespass and not in assumpsit. The violations are not claimed to have arisen as a result of the contractual provisions of the security agreements. The objection that this claim should be stricken must be dismissed.

Defendant's motion to strike on the grounds that plaintiff failed to aver a wrongful invoking of the default clause of the agreement must be dismissed. Plaintiff's claim that it was not in default under the agreements is sufficient answer to this claim. If plaintiff was not in default, then defendant could not rightfully invoke the default clauses of the agreements.

Defendant has asked the court, in his motion for a more specific complaint, to require plaintiff to supply in an amended complaint a listing of plaintiff's losses by virtue of which he made his damages claims. Defendant recognizes in his brief that such information is a matter for discovery, and with this we agree.

We have carefully considered defendant's preliminary objections and discussed them in more detail than was warranted, we conclude, however, that none possess merit.

## ORDER

And now, December 16, 1975, defendant's various preliminary objections to plaintiff's amended complaint are dismissed and defendant given 20 days to answer on the merits.