## Albert Einstein Medical Center v. Nathans

*Edward Russell*, for plaintiff.
*Ellen Josephson*, for defendants.

GUARINO, *J.*, January 5, 1978—In this case, on August 18, 1977, I granted defendant-husband's demurrer to an action in assumpsit which sought to hold him liable for medical services rendered to his wife. I ruled that the common law principle that a husband is ipso facto liable to a third person for necessities supplied by a third person to his wife was repugnant to the Equal Rights Amendment, Art. I, §28 of the Pennsylvania Constitution. Plaintiff has amended the complaint, organizing it into five separate counts. In the first count, plaintiff has repeated verbatim the allegation of the original complaint.[1] In the second and third counts, plaintiff repeats all the material allegations contained in the first count, adding only insignificant allegations: in the second count, that plaintiff charged defendant-husband for the medical services rendered to his wife; in the third count, that the wife was unable to pay. Only in the fourth and fifth counts does plaintiff allege significantly different facts. In the fourth count, plaintiff alleges a written agreement where defendant-husband agreed to pay for services; in the fifth, plaintiff alleges an implied promise to pay.

Defendant has filed preliminary objections in the nature of a demurrer to counts one, two and three only. Clearly, each of these counts is demurrable for

---

1. Maintaining that he is preserving it for appeal.

lack of essential allegations to sustain a cause of action. That plaintiff charged defendant-husband for services rendered to his wife or that his wife was unable to pay for the services she received adds no material fact to the original demurrable cause of action. The basis for recovery is still being made to depend on the husband's common law duty to support his wife which we have ruled is repugnant to the constitutional amendment.[2] However, the other two counts have not been demurred to and constitute a viable cause of action. This gives rise to the issue of whether the demurrer lies where the complaint shows promise of a good cause of action.

Before undertaking the task of submitting the present complaint to the test of the demurrer, it will behoove us to understand why the complaint has been divided into counts. Where a party has more than one cause of action which may be joined in one pleading, he shall plead each cause of action in separate counts: Pa.R.C.P. 1020. Only separate causes of action must be stated in separate counts. Where there is but one cause of action, no division into counts is required.

Our review of this case clearly indicates that plaintiff has but one cause of action, not five—a cause of action to recover for medical services rendered to defendant's wife, either on the theory of contract, expressed or implied, or in the common law theory of husband's liability for necessities supplied to his wife. A litigant is not required to plead the particular theory upon which he sues. All he need do is allege facts which in law will entitle him to recovery upon any theory. See National

---

2. See Albert Einstein Medical Center v. Nathans et al, 1 PICO 366 (1977).

Bank of Slatington v. Derhammer, 16 D. & C. 2d 286 (1958). In this case, by alleging the relationship between the parties, which he has done in each of the five divisions of his complaint, and an implied and/or expressed contract, he may argue for recovery on either the common law theory of husband's duty to support wife or on the theory of expressed contract or on the theory of implied contract. The allegations in each of the aforementioned counts are not separate causes of action. At their best, they are but groupings of facts. The facts grouped in the five counts are identical except for the significant and insignificant allegations we have noted above. Plaintiff has failed to make a distinction between a cause of action and a grouping of facts. See Spadel v. Zarlinski, 39 D. & C. 2d 452 (1966).

In the instant case, defendant limits his demurrer to those parts of the complaint that while termed counts by the pleader are not counts at all. They are unnecessary surplusage. The objector admits that in counts four and five plaintiff pleads good causes of action or two causes of action: one based on implied contract and one on expressed contract. Where a complaint in assumpsit contains the essential facts to constitute a sufficient claim, the demurrer will be dismissed: Department of Transportation v. Bethlehem Steel Corp., 28 Pa. Commonwealth Ct. 214, 368 A. 2d 888 (1977); this is so even though there are paragraphs of the complaint that are duplicative and contain immaterial allegations. A preliminary objection in the nature of a demurrer tests the sufficiency of the action: Pa.R.C.P. 1017(b)(a); it does not reach defects of form or a failure to comply with rules of proper pleading. This latter function is performed by mo-

tion to strike: Pa.R.C.P. 1017(b)(2). To rid the pleading of the offensive surplusage or to correct the format to conform to the rules of good pleading a preliminary objection in the nature of a motion to strike is necessary.

Thus, in the case at bar, where the counts of the complaint are not separate causes of action but mere aggregations of superfluous allegations, the pleading is violative of Pa.R.C.P. 1020. Matters that are irrelevant or impertinent to the cause of action are vulnerable on a motion to strike. In Hudock v. Donegal Mutual Ins. Co., 438 Pa. 272, 264 A. 2d 668 (1970), the Supreme Court clearly instructs that the appropriate way to challenge an impertinent allegation (in that case an erroneous prayer for relief) was by way of motion to strike. Unfortunately, unlike the situation in Donegal, defendant in this case did not file a motion to strike. Since the complaint is on the whole admittedly adequate and the defect is one that is not reached by the demurrer, we herewith overrule the demurrer. The offending matters will remain as surplusage.