## Zobler v. Windward Travel Center

*Daniel W. Shoemaker*, for plaintiffs.
*Timothy I. Mark*, for defendant.

RAUHAUSER, JR., *J.*, March 13, 1986—This matter is before the court on defendant's, Windward Travel Center's preliminary objection in the nature of a motion to strike and a demurrer to plaintiffs' causes of action of intentional infliction of emotional distress, negligent infliction of emotional distress, and plaintiff's claim for punitive damages.

Plaintiffs allege the following:

On September 20, 1985, plaintiffs, Joseph V. Zobler and Rebecca E. Zobler, contracted with defendant, Windward Travel Center, for defendant to provide travel and overnight accommodations for plaintiffs' honeymoon for $2,872. This amount was paid to defendant by plaintiffs. Defendant told plaintiffs to call defendant's place of business on October 22, 1985 to receive their tickets for air fare, vouchers, and information concerning their honeymoon tour.

On October 22, 1985, plaintiffs called defendant but defendant did not deliver to plaintiffs the appro-

priate air fare tickets and accommodation vouchers. However, defendant directed plaintiffs to proceed according to the itinerary and defendant promised to deliver the airplane tickets to the Baltimore National Airport.

When plaintiffs arrived at the Baltimore National Airport for their scheduled flight from Baltimore to San Francisco, plaintiffs' flight tickets were not available. Plaintiffs were required to pay the airline for the tickets, which they had already paid for to defendant in the sum of $932.

The exact allegations of plaintiffs are:

That plaintiffs further allege that defendant negligently, carelessly refused to accommodate and assist them and breach their contract with plaintiffs thereby causing damages in the form of mental anguish, inconvenience and suffering for which plaintiffs demand compensation.

That by virtue of the breach of contract and negligence of defendant, plaintiffs have been required to borrow funds against their master charge account and have paid and will continue to pay interest at the rate of 19.8 percent upon the sum which they have been required to double pay in the amount of $932 so that plaintiffs demand interest upon said principal sum in the amount of 19.80 percent and reimbursement as damages.

That defendants by virtue of their gross negligence and error have fraudulently withheld funds from plaintiffs and by virtue thereof plaintiffs claim entitled to punitive damages from defendant.

The first question presented is whether defendant's preliminary objection in the nature of a demurrer should be granted. This answer depends upon whether or not plaintiffs' complaint is "clearly insufficient" to establish plaintiffs' right to relief.

A demurrer can only be sustained where the Complaint is clearly insufficient to establish the pleader's right to relief. Allegheny County v. The Commonwealth of Pennsylvania, 507 Pa. 360, 490 A.2d 402 (1985) (citing Firing v. Kephart, 466 Pa. 560, 363 A.2d 833 (1976)).

For the purpose of testing the legal sufficiency of the challenged pleading, a preliminary objection in the nature of a demurrer admits as true all well pleaded material, relevant facts and every inference deducible from these facts. Id. at 372, 409, A.2d at 408 (citing Savitz v. Weinstein, 395 Pa. 173, 149 A.2d 110 (1959); Hoffman v. Misericordia Hospital of Phila., 439 Pa. 501, 267 A.2d 867 (1970)).

Since the sustaining of a demurrer results in a denial of the pleader's claim by a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. Id. at 372, 409 A.2d at 408.

If the facts as pleaded state a claim for which relief may be granted under any theory of law, then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected. Id. at 372, 490 A.2d at 408.

In the instant case, defendant's preliminary objection in the nature of a demurrer will be granted as to plaintiffs' causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress and plaintiffs' claim for punitive damages.

Re: Intentional Infliction Of
Emotional Distress As To The
Defendant Windward Travel Center.

Plaintiffs allege that defendant negligently and carelessly refused to accommodate plaintiffs thereby causing damages in the form of mental anguish

and suffering. No facts alleged in plaintiffs' complaint directly state an action for intentional infliction of emotional distress, but we are addressing that possibility in case plaintiffs intended somehow to so plead, this cause of action although the language is far from clear.

This conclusion is not sustained by plaintiffs' pleading as above reviewed.

An action for intentional infliction of mental or emotional distress has been recognized in Pennsylvania. See Papieves v. Lawrence, 437 Pa. 373, 263 A.2d 118 (1970); Bartanus v. Lis, 332 Pa. Super. 48, 480 A.2d 1178 (1984); Banyas v. Lower Bucks Hospital, 293 Pa. Super 122, 437 A.2d 1236 (1981); Jones v. Nissenbaum, Rudolph, and Seidner, 244 Pa. Super, 377, 368 A.2d 770 (1976); See also, Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265 (3rd Cir. 1979); Beidler v. W.R. Garie, 461 F. Supp. 1013 (E.D., Pa. 1978) affd. 609 F.2d 500 (3rd Cir. 1979) (applying Pennsylvania law).

Section 46 of the Restatement (Second) of Torts (1979) sets forth the basic elements of this cause of action: .

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he recklessly causes severe emotional distress

"(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

(b) to any other person who is present at the time, if such distress results in bodily harm."

In Papieves, the Pennsylvania Supreme Court relying in part on Section 46 of the Restatement (Second) of Torts, determined that an individual is entitled to protection from mental distress directly caused by wanton and outrageous conduct. Papieves v. Lawrence, supra. at 378, 263 A.2d at 121.

In describing what constitutes "outrageous" conduct comment (d) to Section 46 of the Restatement (Second) of Torts explains:

"Liability has been found only where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, "Outrageous!""

As recognized by the Pennsylvania Supreme Court, the intentional infliction of emotional distress is an evolving tort and its scope has not yet been clearly defined. Papieves v. Lawrence, supra. at 378, 263 A.2d at 121.

In the instant case plaintiffs have not pled the elements for the cause of action for intentional infliction of emotional distress. Plaintiffs have not alleged that the conduct on the part of defendant was "outrageous" nor facts that would justify such conclusion. Therefore, plaintiffs' complaint is "clearly insufficient" to establish plaintiffs' right to relief and thus defendant's demurrer must be granted.

RE: Negligent Infliction Of Emotional
Distress As To The Defendant,
Windward Travel Center.

Plaintiffs allege that defendant negligently and carelessly refused to accommodate plaintiffs there-

by causing damages in the form of mental anguish and suffering. This conclusion is not sustained by plaintiffs' pleading as above reviewed.

The Restatement (Second) of Torts, §436 provides:

"Section 436. Physical Harm Resulting from Emotional Disturbance.

(1) If the actor's conduct is negligent as violating a duty of care designed to protect another from a fright or other emotional disturbance which the actor should recognize as involving an unreasonable risk of bodily harm, the fact that the harm results solely through the internal operation of the fright or other emotional disturbance does not protect the actor from liability.

(2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediate emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability.

(3) The rule stated in Subsection (2) applies where the bodily harm to the other results from his shock or fright at harm or peril to a member of his immediate family occurring in his presence."

The Restatement (Second) of Torts, §436A states:

"Section 436A. Negligence Resulting in Emotional Disturbance Alone.

"If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance."

The Appellate Courts of Pennsylvania have held that under Section 436A of the Restatement (Second) of Torts governing negligence resulting in emotional disturbance alone, the negligent actor is not liable when his conduct results in the emotional disturbance alone without the bodily harm or other compensable damage. Banyas v. Lower Bucks Hospital, supra. See Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979) (Roberts, J., dissenting).

In the instant case, plaintiffs have not alleged any bodily harm or other compensable damage in their pleadings. Therefore, plaintiffs' complaint is "clearly insufficient" to establish plaintiffs' right to relief. Thus, defendant's demurrer must be granted.

RE: The Plaintiffs' Claim For Punitive
Damages As To The Defendant,
Windward Travel Center.

Plaintiffs allege that by virtue of defendant's gross negligence and error, they have fraudulently withheld funds from plaintiffs; therefore, plaintiffs are entitled to punitive damages. This conclusion is not supported by plaintiffs' pleading as above reviewed.

The Pennsylvania Appellate Courts have adopted the rule of punitive damages as set forth in the Restatement of Torts §908 (1939)*

"Section 908(1) provides:

"Punitive damages are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct." Punitive damages are awarded only for outrageous conduct which is defined as acts done with bad motive or with reckless indifference to the interest of others."

---

* Restatement (Second) of Torts §908 (1967) is in all material parts identical to the Restatement of Torts, §908 (1939). See Feld v. Merriam, 314 Pa. Super. 414, 461 A.2d 255 (1983).

In the instant case, plaintiffs did not allege any outrageous conduct which either showed bad motive or reckless indifference to their interests.

Defendant raises the preliminary objections of a demurrer and a motion to strike as to plaintiffs' claim for punitive damages.

The Pennsylvania Supreme Court has noted that: "an allegation of damages or a prayer for damages which are not legally recoverable in the cause of action pleaded is impertinent matter in the sense that it is irrelevant to that cause of action." Thus, a preliminary objection in the nature of a motion to strike off impertinent matter would appear to be the appropriate means through which to challenge an erroneous prayer for damages. Hudock v. Donegal Mutual Insurance Co., 438 Pa. 272, n.2, 264 A.2d 668 n.2 (1970).

By applying Hudock to the instant case, defendant's demurrer as to plaintiffs' claim for punitive damages must be denied because it is an "improper preliminary objection to challenge an erroneous prayer for damages."

Defendant also has before the court a motion to strike off plaintiffs' claim for punitive damages and plaintiffs' cause of action intentional and negligent infliction of emotional distress.

A motion to strike is authorized by the Pennsylvania Rule of Civil Procedure for the purpose of preliminarily objecting to a pleading for lack of conformity to law or rule of court or because of scandalous or impertinent matter. Pa.R.C.P. 1017(b)(2). A motion to strike is limited to errors of form. Urban v. Urban, 332 Pa. Super. 373, 481 A.2d 662 (1984).

As stated earlier, the Supreme Court of Pennsylvania has noted that:

"an allegation of damages or a prayer for damages which are not legally recoverable in the cause of action pled is impertinent matter." Hudock v. Donegal Mutual Insurance Co., supra. at 277, n.2, 264 A.2d at 671 n.2.

Since plaintiffs have not alleged any outrageous conduct which either showed bad motive or reckless indifference to their interest such a claim for punitive damages is impertinent matter.

By applying Hudock to the instant case defendant's preliminary objection in the nature of a motion to strike must be granted.

However, defendant's preliminary objection in the nature of a motion to strike off plaintiffs' causes of action for intentional and negligent infliction of emotional distress must be denied since it does not fall within the two categories as stated in Pa.R.C.P. 1017(b)(2).

For these reasons, defendant's preliminary objection in the nature of a motion to strike plaintiffs' claim for punitive damages is granted and defendant's motion to strike plaintiffs' causes of action for intentional and negligent infliction of emotional distress must be denied.

The only claim which plaintiffs have remaining is their breach of contract action against defendant. The total amount of recovery which plaintiffs could receive is the money paid for the tickets which is $932, plus interest. See plaintiffs' complaint p.304, para, 12 and 15. Therefore, it will be ordered that this case be remanded to arbitration pursuant to Rule 20 of the York County Local Rules of Court.

## ORDER

And now, this March 13, 1986, defendant's preliminary objection in the nature of a demurrer concerning plaintiffs' causes of action for intentional

128

and negligent infliction of emotional distress is granted. However, defendant's demurrer concerning plaintiffs' claim for punitive damages must be denied.

Furthermore, defendant's preliminary objection in the nature of a motion to strike concerning plaintiffs' claim for punitive damages must be granted.

However, defendant's motion to strike plaintiffs' causes of action for intentional and negligent infliction of emotional distress must be denied.

This case shall be remanded to Arbitration pursuant to Rule 20 of the York County Local Rules of Court.