582 A.2d 883

**Margery I. SHANKS, Appellant,**

**v.**

**Kelly J. ALDERSON and Andrea L. Alderson, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued June 6, 1990.

Filed Sept. 28, 1990.

Reargument Denied Dec. 4, 1990.

486

Lucinda A. Bush, Washington, for appellant.

Fred J. Sentner, Canonsburg, for appellees.

Before KELLY, HUDOCK and MONTGOMERY, JJ.

HUDOCK, Judge:

This is an appeal from the trial court's granting of the Appellees' motion for summary judgment. We reverse.

The Appellant, Margery I. Shanks, an 84–year–old widow, sold her Washington County home to Appellees, Kelly J. and Andrea L. Alderson. As part of the transaction, the Appellant took back a first mortgage. Later, the Appellees agreed to sell the property to a third party. By falsely representing to the closing officer that the Appellant had been paid the balance of the first mortgage, $27,918.97 [1], the Appellees received a check from the closing officer in the amount of $38,112.60. The Appellees cashed the check and converted the money to their own use.

In an effort to recover the money, Appellant filed criminal charges and initiated the underlying civil action against the Appellees. When Appellees offered to make restitution, the Appellant agreed to a *nol pros* of the criminal charges. The Appellees also executed a release in the Appellant's favor, releasing her from all liability for having brought the criminal charges. As part of this transaction, the Appellees paid the Appellant $29,919.77.[2] Additionally, the release reserved the Appellant's right to continue with her civil action already pending against the Appellees, expressly

---

1. For clarification purposes, we note that the trial court, in its opinion, indicated the outstanding balance on the first mortgage was $17,918.97. However, throughout the pleadings and in their briefs to this Court, the parties do not dispute the fact that the balance owed was $27,918.97.

2. The release did not specify that this sum represented the balance due on the mortgage. However, the Appellant admits this fact in her affidavit opposing the Appellees' motion for summary judgment.

stating that the civil action "shall not be affected by [the] release." In granting Appellees' motion for summary judgment, the trial court viewed the Appellant's acceptance of the funds as satisfying her claim for the compensatory damages claimed in the civil action. The trial court reasoned that since no viable claim for compensatory damages remained, and since punitive damages are only a derivative cause of action, the Appellant was foreclosed as a matter of law from recovering only punitive damages, costs and expenses, including attorney's fees.[3]

■ Appellant first argues that she is entitled to recover attorney's fees, costs and expenses related to the litigation as consequential pecuniary damages because she was compelled to institute criminal and civil actions against the Appellees in order to recover from the Appellees' defalcation. Despite the outrageous nature of the Appellees' conduct, we are constrained to disagree. It is well established that a litigant is responsible for the fees of counsel employed by him. *In re Wilbur's Estate,* 334 Pa. 45, 5 A.2d 325 (1939); *Richter v. U.S.,* 190 F.Supp. 159 (E.D.Pa.1960), *aff.* 296 F.2d 509 (3d Cir.1961), *cert. den'd.* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793 (1962). In *Corace v. Balint,* 418 Pa. 262, 265–67, 210 A.2d 882, 884 (1965), the Pennsylvania Supreme Court stated: "... [T]here can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same ... or clear agreement by the parties ... or some other established exception...." (Citations omitted.) Unfortunately, there is no established exception to permit recovery of attorney fees in an action for fraud. Appellant acknowledges that such a recovery is not permitted by 42 Pa.C.S.A. § 2503. Nevertheless, the Appellant contends that her attorney's fees are recoverable simply as an additional element of her consequential pecuniary losses. However, nei-

---

**3.** Other than the principal due on the mortgage, plus interest, there were no other compensatory damage claims made by the Appellant in her complaint.

ther Appellant's brief nor our own research indicate that attorney fees can properly be construed as such.[4]

■■■ Appellant next argues that even if she is unable to recover her attorney's fees and expenses as compensatory damages, she may nonetheless proceed to trial so as to recover punitive damages. In discussing the character of punitive damages, the Pennsylvania Supreme Court, in *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 101, 555 A.2d 800, 802 (1989), stated, "If no cause of action exists, then no independent action exists for a claim of punitive damage since punitive damages is [sic] only an *element* of damages." (Emphasis in the original.) The right to punitive damages is merely an incident to a cause of action and not a cause of action in and of itself. *See, Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 464 A.2d 1243 (1983). The Appellees argue that since the Appellant has settled her claim for compensatory damages, there is no cause of action from which the claim for punitive damages can derive. While the above authority makes clear that a claim for punitive damages may not be maintained absent an independent cause of action for actual damages, we are convinced that the facts of this case permit the Appellant to continue her civil action.

In support of their position, the Appellees rely on *Hilbert v. Roth*, 395 Pa. 270, 149 A.2d 648 (1959). The plaintiff-appellant in *Hilbert* sued two joint tortfeasors, claiming both compensatory and punitive damages. A mistrial was declared in favor of one of the defendants and the cases severed. The jury returned a verdict in favor of the plaintiff-appellant and judgment was entered thereon. Subsequently, the defendant, against whom the verdict was returned, paid the judgment. Accordingly, the plaintiff-appellant had the judgment marked satisfied. On petition of the second defendant, the case against him was ordered discon-

4. Appellant's reliance on *Millette v. Barrett*, 10 Ches.Co.Rep. 361, 28 Pa.D.C.2d 372 (1962), is misplaced. In *Millette*, the court found that attorney's fees incurred in a prior action against a third party could be considered compensatory damages, not that the fees and expenses of the instant litigation itself were recoverable.

tinued. On appeal, the plaintiff-appellant argued that the suit seeking both compensatory and punitive damages against the second defendant was still viable. Relying on its interpretation of Section 3 of the Contribution Among Tortfeasors Act of 1951, 12 P.S. § 2584 (repealed and replaced), the Pennsylvania Supreme Court found that satisfaction of a judgment recovered against one tortfeasor necessarily discharged the other tortfeasors from liability. *Id.*, 395 Pa. at 273–75, 149 A.2d at 651. The Court also rejected the plaintiff-appellant's alternative argument that although his claim for compensatory damages was precluded, he was entitled to proceed against the second tortfeasor solely for punitive damages. In doing so, the Court acknowledged that while actual damage was suffered, the plaintiff-appellant could not maintain an action for those damages. Clearly, the basis for the Court's conclusion was the effect of the judgment against the first tortfeasor being satisfied—the second tortfeasor's discharge from liability.

Such is not the case before us. It is difficult to conceive how the Appellees, by releasing the Appellant from civil liability to them, have discharged their own liability to her. The clear and unambiguous language of the agreement between the parties commands the opposite conclusion. As previously discussed, the agreement provided that "[n]othing herein contained shall act as a mutual release of the parties and the said MARGERY I. SHANKS shall be permitted to continue her civil action against the [Appellees] and others at No. 6153 of 1986, which action shall not be affected in any manner by this release." Where, as here, the parties have specifically provided that their agreement will not act to affect one party's liability to the other, we can find no compelling reason to effectively rewrite that agreement by holding otherwise.[5] Moreover, we note a

5. Of course, having admitted in her affidavit that the Appellees have paid her all amounts due under the mortgage, the Appellant is unable to actually recover that sum again. This may be best dealt with by the trial court molding any verdict which may be returned against the Appellees on the issue of actual/compensatory damages. We hasten to add that there is not a scintilla of evidence before us to indicate

cursory review of the record demonstrates the Appellees have waived any payment of the debt as a defense to their liability by failing to raise the payment in new matter. *See, Arabian Am. Oil Co. v. Kirby & Kirby,* 171 Pa.Super. 23, 90 A.2d 410 (1952), Pa.R.C.P. 1030.

The Appellees' claim that the Appellant cannot proceed to trial for punitive damages because such damages were not sufficiently plead is specious. In its Order dated July 13, 1989, the trial court granted the Appellant leave to amend her complaint to include a specific claim for punitive damages.[6] Given the procedural history of this case, of which the Appellees were fully aware, we cannot say the trial judge abused his discretion in granting the Appellant leave to amend. The allegations of deliberate and willful conduct contained in the complaint and the language of the agreement preserving the Appellant's civil action were sufficient to serve notice to the Appellees that they were exposed to civil liability, as well as a claim for punitive damages. Additionally, a panel of arbitrators, whose decision was appealed, included an award for punitive damages. Moreover, amendment of pleadings is liberally permitted and may even be done to conform the pleadings to the proof at trial. *See, Daley v. John Wanamaker, Inc.,* 317 Pa.Super. 348, 464 A.2d 355 (1983).

Accordingly, that part of the order granting summary judgment in favor of the Appellees on the issue of counsel's fees and expenses is affirmed. In all other respects, the order is reversed. The case is remanded for further proceedings. Jurisdiction is relinquished.

that the Appellant harbors such an unjust intention. Our comment is for edification purposes only.

6. Contrary to the Appellees assertion, the trial court only granted leave to amend in response to Appellant's request.