**McPoyle v. Mast Excavating, Inc.**

C.P. of Northampton County, No. C-48-CV-2013-7658

*Todd S. Miller*, for plaintiff.
*Joseph F. McNulty, Jr.*, for defendants.

BELTRAMI, *J.*, November 13, 2013—

## ORDER OF COURT

And now, this 13th day of November, 2013, "defendants' preliminary objections to plaintiff's complaint" are hereby overruled. Defendants shall file an answer to plaintiff's complaint within twenty (20) days.

## STATEMENT OF REASONS

This matter is before the court on "defendants' preliminary objections to plaintiff's complaint." Briefs

have been submitted, and oral argument was heard on September 24, 2013.[1]

On August 1, 2013, plaintiff commenced this action by filing a complaint that alleges the following facts. On August 1, 2011, plaintiff was riding his motorcycle southbound on Route 143 in Berks County, Pennsylvania. (Compl. ¶ 6.) At the same time, defendant Marcos Jimenez, who was driving a large truck pulling a trailer, exited a stone parking lot located at a roadside farm along the east side of Route 143. (*Id.* ¶ 7.) Jimenez was employed by defendants Mast Excavating, Inc. and Rota Mill, Inc. at the time. (*See id.* ¶ 5.) Jimenez intended to turn north onto Route 143 from the lot. (*Id.* ¶ 7.) While making the turn, Jiminez crossed the solid, double-yellow line and blocked both the northbound and southbound lanes of travel. (*Id.* ¶ 9.) Simultaneously, plaintiff came around a blind curve to find defendants' tractor-trailer blocking both lanes. (*Id.* ¶ 10.) Plaintiff was forced to take evasive action to avoid a collision with defendants' truck. (*Id.*) During this evasive action, plaintiff shattered his left knee and left shin. (*Id.*)

On August 22, 2013, defendants filed the instant preliminary objections, which contain demurrers to counts II and III of plaintiff's complaint. At argument, defendants withdrew the demurrer to count III. In the only remaining preliminary objection, defendants assert a demurrer to count II of plaintiff's complaint, which sets forth a claim for punitive damages. Initially, the court notes that a request for punitive damages is not an independent cause of action to be pleaded in a separate count of a complaint.

---

1. Also listed for argument that day was "Defendants' Petition to Transfer Venue for Forum *Non Conveniens* Pursuant to Pa.R.C.P. No. 1006." At argument, defendants requested and were granted leave to relist the petition for a subsequent session of argument court in order to create the record required for disposition of that petition.

*See Shanks v. Alderson*, 582 A.2d 883, 885 (Pa. Super. 1990). That is because punitive damages are an element of damages arising out of a cause of action and are not a separate cause of action. *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989). Nevertheless, defendants have not raised a preliminary objection to plaintiff pleading punitive damages as a separate count. Further, no purpose would be served by requiring plaintiff to file an amended complaint to plead punitive damages as an element of damages. Accordingly, count II of plaintiff's complaint will be addressed, at trial, as an element of damages sought for the negligence outlined in count I of plaintiff's complaint.[2]

With regard to defendants' demurrer to count II, the court notes that "[p]reliminary objections in the nature of a demurrer are an inappropriate means by which to challenge the legality of the damages sought in a complaint." *See Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668, 671 n.2 (Pa. 1970). As the Pennsylvania Supreme Court explained in *Hudock*, "[t]his rule is a sound one because a plaintiff should not be put out of court completely merely because he alleges the wrong measure of damages." *Id.* In *Hudock*, the court treated the defendant's demurrer to, *inter alia*, the plaintiff's claims for punitive damages, as a preliminary objection alleging "inclusion of . . . impertinent matter," pursuant to Rule of Civil Procedure 1028(a)(2). *Id.* Accordingly, this court will treat defendants' demurrer to count II of plaintiff's complaint in the same manner. To be impertinent, "the allegations must be immaterial and inappropriate to the proof of the cause of action."

---

2. A review of count II reveals that punitive damages are requested solely on the basis of the negligence claim outlined in count I of the complaint and not on the basis of the negligent hiring and/or entrustment alleged in count III of the complaint.

*Common Cause/Pa. v. Commonwealth*, 710 A.2d 108, 115 (Pa. Commw. 1998).

In *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770-71 (Pa. 2005), the Pennsylvania Supreme Court stated:

> The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); *see also Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. *See SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 587 A.2d 702, 704 (1991); *Feld*, 485 A.2d at 747-48; *Chambers*, 192 A.2d at 358. *See also* Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908 (1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional,

reckless or malicious." *See Feld,* 485 A.2d at 748; *see also Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088, 1097 n. 12 (1985) (plurality opinion).

For purposes of awarding punitive damages, Pennsylvania law requires a specific type of recklessness defined in comment a to section 500 of the Restatement (Second) of Torts. *Hutchison,* 870 A.2d at 771. Under that definition, a person acts with recklessness where he "knows, or has reason to know, . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." *Id.* (quoting *Martin,* 494 A.2d at 1097 (quoting RESTATEMENT (SECOND) OF TORTS §500 cmt. a (1965))).[3] Therefore, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 772.

In the case at bar, plaintiff has pleaded that Jimenez "intentionally . . . block[ed] all lanes of travel on [Route] 143 with a tractor[-]trailer, knowing that the visibility at this severe sharp turn limited visibility by oncoming traffic." (Compl. ¶ 24(a).) Based on this averment and the other facts alleged in plaintiff's complaint, the court is unable to conclude, at this stage of the proceeding, that

---

3. There is an alternate definition of "recklessness" found in comment a to section 500 of the restatement. This alternate definition states that a person acts recklessly where he "has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so." RESTATEMENT (SECOND) OF TORTS §500 cmt. a (1965). For purposes of awarding punitive damages, Pennsylvania explicitly rejects this definition of recklessness. *Hutchison,* 870 A.2d at 771; *SHV Coal, Inc.,* 587 A.2d at 704-05.

plaintiff will be unable to establish that Jiminez acted recklessly such that punitive damages should be awarded. Thus, the court will not strike plaintiff's punitive damages claim from plaintiff's complaint as impertinent.