## Krafchik et ux. v. Tornetta et ux. et al.

*Milton Jacobson,* for plaintiffs.

*Albert Benjamin Scirica,* for defendant.

*Wisler, Pearlstine, Talone & Gerber,* for additional defendant.

KNIGHT, P. J., April 26, 1951.—This case has been before the court so frequently and the facts stated so often, that for our present purpose, it is only necessary to state the following:

Will D. Hiltner was originally a defendant. He filed preliminary objections, which were sustained by the court and judgment entered for defendant Will D. Hiltner. This judgment, which was entered on February 10, 1950, was appealed to the Supreme Court, and is now pending before that tribunal.

Petitioners herein filed preliminary objections, which were dismissed by the court on July 21, 1950.

Petitioners then filed on July 28, 1950, this petition, for an extension of time to file a præcipe to join Will D. Hiltner as an additional defendant in this action.

An answer was filed and the case argued before the court en banc. The matter was overlooked, and has now come to our attention.

Rule 2253 of the Pennsylvania Rules of Civil Procedure provides:

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

The question then before us is whether there has been sufficient cause shown to warrant the court in

permitting a præcipe to be filed to join at this time Will D. Hiltner as an additional defendant.

Will D. Hiltner was an original defendant, and while he was an original defendant, he could not be joined as an additional defendant: Judge et al. v. Lang, 43 D. & C. 511 (1941); Sweitzer et al. v. Erie Coach Co. et al., 44 D & C. 328 (1942). See, also, Pa. R. C. P. 2252(a).

On February 10, 1950, the preliminary objections of Will D. Hiltner were sustained and judgment entered for him on the pleadings. This eliminated Will D. Hiltner as a party defendant. The case, so far as Will D. Hiltner is concerned, was then appealed to the Supreme Court. The appeal did not act as a supersedeas. Mr. Jacobson, who took the appeal, has informed us that if Will D. Hiltner is joined as an additional defendant, he will withdraw the appeal.

On November 22, 1949, Joseph F. Tornetta and Mary, his wife, filed preliminary objections to the amended statement of claim of plaintiffs. These preliminary objections were overruled and dismissed by the court on July 21, 1950, and on July 28, 1950, defendants Tornetta and his wife filed this petition for leave to file a præcipe to join Will D. Hiltner as an additional defendant.

We are of the opinion that this is a case in which permission should be granted. When Will D. Hiltner was eliminated as a party defendant, the preliminary objections of Tornetta and his wife were pending in this court. They could not very well ask that Will D. Hiltner be named as an additional defendant, liable over to them, when they did not know if they themselves would be defendants. When their preliminary objections were dismissed, they promptly filed this petition.

We are familiar with the facts of this case, and in our opinion, if Will D. Hiltner is liable at all, he is

332

liable over to the other defendants. We therefore have a case which is within the very purpose of the Pennsylvania Rules of Civil Procedure regarding the joining of additional defendants; namely, that all questions arising out of one state of facts may be decided in one case. We are therefore of the opinion that just cause has been shown why this rule should be made absolute, and the prayer of the petition allowed.

And now, April 26, 1951, the rule is made absolute and defendants Joseph F. Tornetta and Mary Tornetta, his wife, are granted leave to file a præcipe to join Will D. Hiltner as an additional defendant.