## Deere v. Zilber

*Joseph B. Bagley,* for plaintiffs.
*Theodore E. Breault,* for defendants.
*W. A. Irwin,* for additional defendants.

DILLON, *J.,* January 27, 1976—On Sunday, January 11, 1970, there was a fire in part of the golf club owned by plaintiffs. Plaintiffs sued defendants, alleging that a faulty sauna bath caused the fire. Preliminary objections to quash service were filed and this court ordered service quashed. Plaintiffs appealed and the Superior Court, on April 22, 1975, reversed and remanded the case to the Butler County Court. Defendants then filed with the Supreme Court a petition for allowance of an appeal from the Superior Court on April 28, 1975. The Supreme Court denied the petition for allowance of an appeal on September 3, 1975. On September 15, 1975, 12 days after allocatur was refused and 146 days after the filing of the opinion by the Superior Court, defendant filed a praecipe to join additional subcontractor defendants, except Frank C. Ritter and Frank C. Ritter, t/a Ritter Plumbing and Heating Company, who were joined by praecipe filed on September 24, 1975, 21 days after allocatur was refused by the Supreme Court and 155 days after the filing of the opinion by the Superior Court. East End Electric Company, Casimir J. Pellegrini and Frank C. Ritter filed preliminary objections to their joinder, alleging that their joinder was not within

60 days from the service upon original defendant of the initial pleading of plaintiff, as required by Pa.R.C.P. 2253. Original defendants have moved this court for leave to join the aforesaid parties as additional defendants nunc pro tunc upon cause shown pursuant to Pa.R.C.P. 2253 because the preliminary objections of the original defendants were not disposed of until September 3, 1975, when allocatur was denied.

Rule 2253, Pa.R.C.P. reads as follows:

"Neither praecipe for a writ to join additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

This is a case of first impression. Original defendants seemingly rely on Graham v. Greater Latrobe School District, 436 Pa. 440, 260 A. 2d 731 (1970), as being permitted to follow the above procedure as a matter of right. There, the court ruled that when preliminary objections to a complaint were overruled more than 60 days from the date of service of the complaint, the defendant had 60 days, as a matter of right, from the date of the overruling of the objections to join the additional defendants. However, in that case, the court stated at p. 444 of 436 Pa., p. 733 of 260 A. 2d:

"Preliminary objections attack the validity of the pleading, and until those objections are overruled, a court has not determined that the plaintiff has filed a valid complaint."

In the instant case, when the Superior Court re-

versed this court, a court had determined that plaintiff had filed a valid complaint. The 60 days began running at that time. Under the Act of May 19, 1897, P.L. 67, as amended May 11, 1927, P.L. 972, 12 PS §1149, no supersedeas to the Superior Court's order was automatically granted by a filing of a petition for allowance of an appeal. Original defendants did not apply for a supersedeas to the Superior Court's order in any court. Therefore, original defendants do not fall within the ambit of the Graham case, supra.

However, this court can still allow the praecipe "for cause shown." This court rules that sufficient cause has been shown for allowance of the joinder of additional defendants here. The reasons stated in Koppel v. Engel, 52 Luz. 130 (1962), regarding the liberality with which the Rules of Civil Procedure are to be construed is persuasive here. What was said there can be said here: "Had defendant's preliminary objection . . . been sustained, he would have been let out as a defendant." Here, had the Supreme Court allowed the appeal from the Superior Court and reversed that court's decision, original defendants would have been let out as defendants. See also Bogar v. Yorkshire Insurance Co., 16 Cumb. 18 (1965); Walters v. Eshelman, 8 Chester 369 (1958); Salvadore v. Yuditsky and Salvadore, 50 Schuyl. 18 (1954).

Accordingly, the motion of original defendants for leave to join the various additional defendants mentioned in the above caption nunc pro tunc is granted, and the preliminary objections of additional defendants are overruled.

## ORDER

And now, January 27, 1976, it is ordered that the motion by original defendants to join additional de-

fendants mentioned in the caption of this case is granted. Furthermore, the preliminary objections of all additional defendants in the nature of a motion to strike the complaints against them for late filing are overruled and dismissed.