461 A.2d 1322

**Edward McCLELLAND and Margaret McClelland, his wife, both individuals**

**v.**

**Martin DEVINE, Sr. and Elizabeth Devine, his wife, and James Devine, all individuals, and Animal Repellent, Inc., a Corporation,**

**v.**

**Richard ALLEN and Shirley Allen, his wife.**

**Appeal of Martin DEVINE, Sr. and Elizabeth Devine, his wife, and James Devine, all individuals, Appellants.**

Superior Court of Pennsylvania.

Argued March 17, 1982.

Filed June 24, 1983.

Richard L. Rosenzweig, Pittsburgh, for appellants.

Gary J. Gushard, Pittsburgh, for appellees.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

The order appealed from in this case denied appellants' petition to join as involuntary plaintiff the United States Postal Service. Appellants are the original individual defendants named in a complaint in trespass brought by plaintiffs/appellees. The complaint alleges that plaintiff Edward McClelland, a letter carrier for the U.S. Postal Service, was delivering mail at a certain address when he was attacked and bitten by the defendant Devines' dog. The Devines filed a complaint against additional defendants the Allens, alleging that it was the Allens' dog, not the Devines', that bit the plaintiff.

The defendant Devines also filed a Petition to Join the United States Postal Service as an Involuntary Plaintiff, alleging that the Postal Service had paid compensation to its employee for the injuries, that the Postal Service was claiming subrogation against the defendants, and that the

Postal Service was negligent. The Devines cited, as authority for their petition, *Sheldon v. West Bend Equipment Corp.*, 502 F.Supp. 256 (W.D.Pa.1980).[1] The court denied the petition on the grounds that the joinder of the Postal Service was barred by the doctrine of sovereign immunity and by section 8116(c) of the Federal Employee's Compensation Act.[2] It is this denial from which the Devines appeal.

The trial court ruled that the defendants were barred from pursuing a tort action against the United States Postal Service because of federal immunity. Appellees argue that the United States, through its instrumentality, the United

1. In the *Sheldon* case, the plaintiff employee had fallen from a man-lift while at work, and sued the manufacturer of the man-lift. The manufacturer sought to join the employer as an involuntary plaintiff because of the employer's right to subrogation, and asserted Rule 19 of the Federal Rules of Civil Procedure as the appropriate rule. The court permitted the joinder, preferring to follow another district court case, *Lipari v. Niagara Machine & Tool Works*, 87 F.R.D. 730 (W.D.Pa.1980), *aff'd per curiam* 661 F.2d 914 (3d Cir.1981), which allowed the employer's joinder as involuntary plaintiff under Fed.R. Civ.P. 17(a), rather than decisions of the Pennsylvania supreme and superior courts which hold that the employer may not be joined as an additional defendant, *e.g., Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980). *But see*, with respect to the law of Pennsylvania on this issue, *Kelly v. Carborundum Co.*, 307 Pa.Super. 361, 453 A.2d 624 (1982), and *Reliance Insurance Co. v. Richmond Machine Co.*, 309 Pa.Super. 430, 455 A.2d 686 (1983).

2. *See* 5 U.S.C. § 8116 (1976), which provides in relevant part:

   **§ 8116. Limitations on right to receive compensation**

   .    .    .    .    .

   (c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

   The Supreme Court of the United States has recently held that section 8116(c) does not bar a manufacturer's third party *indemnity* action against the United States. *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983).

States Postal Service, is immune from suits of this type. Appellants argue that the United States Postal Service is not immune from suit. It appears that appellees and appellants are blending two distinct parties—the United States, and the United States Postal Service. While appellants are correct that the United States Postal Service by statute has the capacity "to sue and be sued", 39 U.S.C. § 401(1), their reliance on *garnishment* cases, *Beneficial Finance Co. of New York Inc., v. Dallas*, 571 F.2d 125 (2d Cir.1978), and *Goodman's Furniture Co. v. United States Postal Service*, 561 F.2d 462 (3d Cir.1977), where the courts held that the Postal Service is not immune to state garnishment procedure, is misplaced. The Postal Service Act, at 39 U.S.C. § 409(c),[3] has made the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2679(a),[4] fully applicable to *tort* claims arising out of the activities of the Postal Service. The Tort Claims Act provides that suits based on torts allegedly committed

**3.** 39 U.S.C. § 409(c) provides:

**§ 409. Suits by and against the Postal Service**

. . . . .

(c) The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service.

**4.** 28 U.S.C. § 1346(b) provides:

**§ 1346. United States as defendant**

. . . . .

(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2679(a) provides:

**§ 2679. Exclusiveness of remedy**

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

by a federal agency must name the United States, not the agency, as the defendant. *See Meyers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252 (2d Cir.1975); *Stewart v. United States,* 503 F.Supp. 59, 61 (N.D.Ill.1980), *aff'd* 655 F.2d 741 (7th Cir.1981); *Grasso v. United States Postal Service,* 438 F.Supp. 1231 (Conn.1977). *See also Insurance Co. of North America v. United States Postal Service,* 675 F.2d 756 (5th Cir.1982). Thus, in a tort action against the Postal Service, the United States would be the proper party defendant.

As the Postal Service is not a proper party to this action, it may not be joined.

The trial court was correct. The order of Judge Del Sole for the Court of Common Pleas is affirmed.

SPAETH, J., files a concurring statement.

HOFFMAN, J., concurs in the result.

SPAETH, Judge, concurring:

I join Judge JOHNSON's opinion, on the understanding, however, that it does not imply that the United States would be a proper party. While I agree that the Postal Service is not a proper party, I'm not sure, and see no need to decide, whether the United States would be.