520 A.2d 40

**Margaret JONAS, Jay Asper and Romain Whittacker, Supervisors of Delaware Township**

v.

**WIESMETH CONSTRUCTION COMPANY, Appellant,**

v.

**POCONO CONSTRUCTION COMPANY, INC., National Steel Products Company and Strand Building Corporation.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1986.

Filed Jan. 15, 1987.

174

Salvatore Vito, Milford, for appellant.

John H. Klemeyer, Milford, for Jonas, Asper and Whittacker, appellees.

Matthew D. Blumberg, Milford, for Pocono, appellees.

Before WIEAND, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

In this appeal we are asked to determine whether the sixty day period of limitations within which to join an additional party pursuant to Pa.R.C.P. 2253 is tolled where the original defendant files preliminary objections, in the nature of a demurrer, to the plaintiff's complaint which if granted would result in dismissal of the cause of action against the defendant.

On July 16, 1984 Delaware Township brought an action in trespass and assumpsit against appellant, Wiesmeth Construction Company for faulty construction of the roof on its municipal building. Subsequently, appellant filed preliminary objections in the nature of a demurrer to the complaint which were denied by the lower court on December 27, 1984. Thereafter on January 25, 1985 appellant filed a praecipe to join Pocono Construction Co. (Pocono) as an

additional defendant. Pocono responded by filing preliminary objections to its purported joinder and by order of court dated June 25, 1985, the court below granted Pocono's preliminary objections in the nature of a motion to strike stating, *inter alia*, "The original defendant's praecipe for joinder is hereby dismissed *without prejudice*."[1] The order was supported by an opinion giving as its reason for denial the untimeliness of appellant's petition. Nevertheless, appellant attempted to have a rule entered upon Pocono to show cause why joinder should not be granted. On April 9, 1986 the lower court denied appellant's petition for rule to join Pocono as an additional defendant as "moot" in light of its order of June 25, 1986.[2] This appeal followed.

While neither party has questioned the appealability of the lower court's order of April 9, 1986, it is an issue we may raise *sua sponte*. *Tate v. MacFarland*, 303 Pa. Superior Ct. 182, 449 A.2d 639 (1982). At first blush this order seems to be interlocutory and accordingly not appealable. It is also well settled law that Superior Court can only entertain an appeal if the order appealed from is final. 42 Pa.C.S.A. § 742; *Temtex Products Inc. v. Kramer*, 330 Pa. Superior Ct. 183, 479 A.2d 500 (1984); *Commercial Banking Corp. v. Culp*, 297 Pa. Superior Ct. 344, 443 A.2d 1154 (1982).

In the case *sub judice* appellant filed a praecipe to join an additional party to which the additional party re-

1. The June 25th order states in pertinent part:
   AND NOW, this 25th day of June, 1985, Additional Defendant, Pocono Construction Co., Inc.'s Preliminary Objection in the nature of a Motion to Strike is hereby granted. The Original Defendant's Praecipe for Joinder is hereby dismissed *without prejudice*. (Emphasis supplied)

2. The order of April 9, 1986 reads as follows:
   AND NOW, this 9th day of April, 1986, Defendant-Wiesmeth Construction Company, Incorporated's Petition for Rule to Join Pocono Construction Co., Incorporated as Additional Defendant is Hereby Denied. Such Petition is moot, because, it was previously decided on June 25, 1985 by Order of This Court. The reasons were delineated in that OPINION AND ORDER.

sponded by filing preliminary objections. In its June 25, 1985 order pursuant to these actions the lower court granted the additional defendant's preliminary objection in the "nature of a motion to strike" and dismissed appellant's praecipe for joinder. An order dismissing a party from a suit is always final and appealable. *Temtex, supra; Fireman's Fund Ins. v. Nationwide Mut. Ins.*, 317 Pa. Superior Ct. 497, 464 A.2d 431 (1983). However, the lower court's order contained the proviso that the order was granted "without prejudice". Our court has interpreted the phrase "without prejudice" as importing the contemplation of further proceedings. *Robinson v. Trenton Dressed Poultry Co.*, 344 Pa. Superior Ct. 545, 496 A.2d 1240 (1985). Furthermore, when this phrase appears in a decree it shows that the judicial act done is not intended to be res judicata of the merits of the controversy *Robinson, supra; Commonwealth ex rel. Eldredge v. Eldredge*, 175 Pa. Superior Ct. 276, 104 A.2d 185 (1954). In essence, through its order the court granted itself an opportunity to inquire into its own record and to rectify it if incorrect. *See, Eldredge, supra.* Thus, it is possible appellant perceived the qualifying language in the June 25th order as granting a second bite of the apple for thereafter he entered upon Pocono a rule to show cause why joinder should not be granted. The court's denial of this motion as "moot", by its April 9, 1986 order, in light of the order of June 25, 1985 would appear to have the effect of making the June 25th order the one that is final and from which appellant's appeal should lie. But, it is from the April 9th order which appellant appeals. Nonetheless we find the proviso "without prejudice" contained in the court's June 25th order to be ambiguous as it appeared to lull appellant into a false sense of believing he had further opportunity to address the issue of Pocono's joinder. Hence, we find that appellant's taking this appeal from the April 9th order is not fatal and we will address the merits of his claim. *See, Feingold v. SEPTA and Duncan*, 512 Pa. 567, 517 A.2d 1270, (1986) (Procedural rules are

analyzed by the circumstances of each individual case. To analyze them otherwise would exalt the rules to a status far beyond their inherent power).

■ Appellant contends that the sixty day period for adding additional parties pursuant to Pa.R.C.P. 2253 is tolled where the original defendant preliminary objections in the nature of a demurrer to the plaintiff's complaint. We agree.

The court below found that appellant's praecipe to join was untimely as it was filed more than sixty days after the original complaint was filed and appellant did not seek leave of the court to enter it. Furthermore appellant did not present a showing to the court of cause for a late filing. The court concluded that all of appellant's acts were in direct contradiction of Pa.R.C.P. 2253.

Our Supreme Court in *Graham v. Greater Latrobe School District*, 436 Pa. 440, 260 A.2d 731 (1970) carved out an exception to the time period in which an additional defendant may be joined as prescribed by Pa.R.C.P. 2253.[3]

There the court propounded:

Rule 2253 does not explicitly cover the situation of the joinder of additional defendants when the original defendant has filed preliminary objections to the complaint. If the objections are sustained, no problem will arise, however, for either the action will be dismissed or an amended complaint will be filed after which a sixty day period begins. When the objections are overruled, as here, reason and policy require that the defendant be given

---

3. **Rule 2253. Time for Filing Praecipe or Complaint**

Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

Adopted Feb. 14, 1939, effective Sept. 4, 1939; amended and effective Dec. 30, 1942; amended and effective Sept. 1, 1958.

sixty days to join additional defendants. Preliminary objections attack the validity of the pleading, and until those objections are overruled, a court has not determined that the plaintiff has filed a valid complaint. Applying that reasoning to time periods (1) and (2), the most reasonable construction of Rule 2253 would be that the defendant has sixty days from the time it is determined that plaintiff has filed a valid complaint. If no preliminary objections are filed, that will be the date of the filing of the complaint. If they are filed, that will be the date they are overruled. Also, it makes no sense to require the defendant to proceed as if the action will continue when he has before the court objections which, if successful, will terminate the litigation. No reasons of policy require that he follow these inconsistent paths at the same time.

*Id.*, 436 Pa. at 443–444, 260 A.2d at 733.

The court's holding in *Graham* has been followed in other cases where a complaint was filed, and the original defendant filed preliminary objections which would terminate the litigation if granted. *See, Commercial Banking Corporation, supra.*

The instant appeal is exactly on point with the cases we cite as precedent. Appellant was served with a complaint by Delaware Township to which it responded by filing preliminary objections in the nature of a demurrer. The sixty day period for joining an additional party was tolled and did not start to run until December 27, 1984 when the lower court issued its order denying the objections. Appellants filed a praecipe to join Pocono on January 25, 1985 well within the sixty day period. We see no reason to deviate from the holdings of *Graham* and *Commercial Banking Corporation, supra.*

Accordingly we reverse the order of the court denying the joinder of Pocono as an additional defendant. Jurisdiction relinquished.