## Lowery v. E.C. Barnes Inc.

C.P. of Dauphin County, no. 3960 S 1996.

*Roger J. Harrington,* for plaintiff.
*Timothy J. McMahon,* for defendant.

BEFORE: TURGEON, HOOVER AND CLARK, *JJ.*

CLARK, *J.,* January 6, 1998—Before the court are plaintiffs' preliminary objections to defendants' counterclaim. After careful consideration, the objections to Count I are denied and those to Count II are granted.

In their complaint, plaintiffs allege that on March 10, 1996, plaintiff, Percy D. Halty Jr., believed he purchased kerosene from the Gulf Mini-Market at North Sixth and Reily Streets in Harrisburg, Pennsylvania. It is contended that he transported the product to his residence and filled a kerosene heater. Several hours later, his residence caught fire and was ultimately destroyed by the blaze, smoke and water. Plaintiffs filed suit against the above-captioned defendants for the sale of the product which allegedly caused the damage.

Defendants responded to the complaint with an answer, new matter and counterclaim. In Count I of the counterclaim, defendants set forth a cause of action against plaintiffs for fraud and deceit. Count II contains a claim for statutory abuse of process. These actions arose after an investigation of the incident was conducted. Plaintiff, Percy Halty, told fire investigators that he did not purchase kerosene from the aforementioned Gulf Mini-Market. The investigation further revealed that the fire was caused by faulty wiring near the electric dryer in the residence and not any type of accelerant.

Plaintiffs object to Count I of the counterclaim on the basis that defendants should have pleaded fraud as an affirmative defense and in the alternative, have failed to set forth a cause of action for fraud. Plaintiffs correctly argue that Pennsylvania Rule of Civil Procedure 1030 provides that all affirmative defenses including but not limited to the defenses of fraud shall be pleaded in a responsive pleading under the heading "new matter." However, fraud may also constitute a cause of action.

In *Karoly v. Cap,* 365 Pa. Super. 528, 530 A.2d 436 (1987), *appeal denied,* 517 Pa. 631, 539 A.2d 811 (1988), the Pennsylvania Superior Court clarifies what amounts to an affirmative defense. The court stated:

"Rule 1030 requires the filing of 'affirmative' defenses by the defendant under new matter to the plaintiff's statement of claim in his complaint. This means that the defendant 'seeks no relief from the plaintiff except the denial of the plaintiff's claim. No judgment in favor of the defendant is sought.' . . . In other words, new matter is to consist of allegations of fact extrinsic of those averred in the statement of claim . . . and is 'in the nature of the common-law plea of confession and avoidance.' . . . Anything else pleaded in new matter would be consid-

ered a traverse, setoff or counterclaim, and not a true 'affirmative' defense as that phrase has come to mean in the realm of pleading in Pennsylvania." *Id.* at 541, 530 A.2d at 443. (citations omitted)

In the instant action, defendants have requested a denial of plaintiffs' claims, in addition to attorney's fees and costs. Since defendants are requesting relief in the form of a judgment in their favor, fraud is not truly an affirmative defense in this case and should not be pleaded as such. Therefore, we find that defendants have properly set forth a cause of action for fraud in Count I of their counterclaim.

In order to sustain a claim for fraud, a party must establish the following:

(1) A misrepresentation of material facts;

(2) The representor must know of the misrepresentation, must take the misrepresentation without knowledge as to its truth or falsity, must make the misrepresentation under circumstances in which he ought to have known of its falsity;

(3) The representor must intend to induce another to act upon their representation; and

(4) There must be an injury to the party justifiably relying on said misrepresentation. See *Gibbs v. Ernst,* 538 Pa. 193, 210, 647 A.2d 882, 890 (1994).

Defendants have alleged that Percy Halty informed investigators that he purchased kerosene from the Gulf Mini-Market prior to the fire, knowing that he, in fact, never made such purchase. As a result of that representation, defendants have had to retain counsel and prepare a defense to this lawsuit. This misrepresentation is certainly material as it identifies the party who furnished the alleged damaging product. Since defendants have adequately stated a cause of action for fraud, plaintiffs' objections to Count I of the counterclaim are denied.

Plaintiffs also filed preliminary objections in the nature of a motion for more specific pleading requesting that defendants be ordered to identify the persons against whom the counterclaim is directed. Attached to the complaint are signed verifications from each of the named plaintiffs. Therefore, all of the plaintiffs, whether they allegedly made the misrepresentation or not, have adopted the facts as set forth in the complaint. Plaintiffs' motion for a more specific pleading is denied.

Lastly, plaintiffs object to Count II of the counterclaim, which alleges a cause of action for statutory abuse of civil process pursuant to 42 Pa.C.S. §8351. To properly set forth a cognizable claim under section 8351, the proceedings must have terminated in favor of the person against whom they are brought. Clearly, these proceedings have not yet terminated. As defendants failed to state a viable cause of action in Count II, that count shall be dismissed from the counterclaim.

Plaintiffs are well aware of the allegations of fraud that have been lodged against them. It is the duty of counsel for plaintiffs to conduct a thorough investigation of these allegations and determine in good faith whether plaintiffs do, in fact, have a viable claim against defendants. In the event that defendants prevail on their claim of fraud, their claim for statutory abuse of civil process appears to become quite solid. Defendant may be entitled to recover for the expense reasonably incurred in defending himself against the proceedings, any specific pecuniary loss that resulted from the proceedings and punitive damages. 42 Pa.C.S. §8353. We shall remind plaintiffs' counsel that professional censure may be imposed as a sanction if one is found to have brought a case without probable cause and for wrongful purpose. Thus, counsel shall take all necessary steps to ensure that there is an adequate factual basis to support the conten-

tions of plaintiffs' claims and the resources of this court are being properly utilized.

In accordance herewith, we enter the following:

## ORDER

And now, January 6, 1998, it is hereby ordered that plaintiffs' preliminary objections to Count I of defendants' counterclaim and motion for more specific pleading are denied.

Whereas, plaintiffs' preliminary objections to Count II of defendants' counterclaim are granted and Count II is dismissed.